LEE v. TIMKEN.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

1. EQUITY—ADEQUATE REMEDY AT LAW.
    A woman who joined her husband in a deed in consideration of the grantee's promise to pay off a mortgage on her property cannot, after her husband's death, have the deed set aside because of the grantee's failure to pay the mortgage, since she has an adequate remedy at law by an action against the grantee for the amount of the mortgage.

2. DEEDS—DELIVERY—CONFIRMATION.
    Plaintiff's husband deeded to her and defendant each a house and lot. As a condition of plaintiff's joining in the deed to defendant, the latter agreed verbally to pay a mortgage on the lot conveyed to plaintiff. The deeds were delivered, after the grantor's death, by an attorney, in whose hands they were placed for that purpose. Plaintiff took possession of her property, collected rents, and received from defendant a part of the mortgage debt. *Held*, that plaintiff confirmed the deed to defendant, and could not have it set aside for want of delivery during the grantor's life.

3. RESULTING TRUST—PAYMENT OF PURCHASE MONEY.
    In New York there is no resulting trust in favor of a person paying the consideration for a conveyance to another.

Appeal from special term, New York county.

Action by Emeline Lee against Mary A. Timken.    The complaint was dismissed, and plaintiff appeals.    Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

V. Wright Kingsley, for appellant.
George E. Mott, for respondent.

O'BRIEN, J.    There are two causes of action set forth in the complaint, both on the equity side of the court.    For a first cause of action, the plaintiff, who is the widow of James Lee, alleged that he, in his lifetime, was the owner of certain real estate in the city of New York; that in July, 1891, he made a deed of a piece of real estate in Fifty-Second street to the plaintiff, and at the same time he and the plaintiff made a deed of a piece of real estate in Fifty-First street to the defendant, and that he delivered both deeds to an attorney, with instructions to hold them until his death, and then to turn them over to the respective grantees; that at the time of the making of the deeds and prior thereto it was verbally agreed between the plaintiff and defendant, as a condition of the plaintiff joining with James Lee in the deed to the defendant, that the latter, upon coming into possession of the property, would pay off and discharge a mortgage of $10,000 on the premises deeded to plaintiff; that thereafter, Lee having died, and each of the parties having received and accepted their respective deeds, the defendant paid to the plaintiff $4,000, to be applied upon the said $10,000, but has failed to pay the balance.    And plaintiff asks to have the deed made by her and her husband to the defendant set aside, on the ground that it was not delivered until after the death of James Lee, and that it was obtained without the payment of the purchase money, and was null and void as a gift for failure to deliver it to her during life.    For a second cause of action the plaintiff alleges that certain premises in Fifty-Second street were deeded to defendant; that the consideration for the purchase was paid by James Lee, who was the father of defendant; that a flat house subsequently erected upon the lot thus purchased was paid for by the father.    And the plaintiff asks that it be adjudged that said deed is now held by the defendant, as trustee for the estate of James Lee, and that it be held void as to the defendant.

It is unnecessary to refer to the numerous defenses interposed, because the questions presented for review upon the exceptions may be disposed of by a consideration of the evidence offered by the plaintiff upon the trial.    As to the first cause of action, it was shown that the plaintiff had accepted her deed, had received the $4,000 from the defendant, and her claim for equitable relief is based substantially upon the ground that she should receive the balance of $6,000, and that by reason of the failure of the defendant to pay it she can disaffirm her action in electing to take her deed in lieu of dower, and now have the same admeasured to her in the property which was conveyed to the defendant.    When it is recalled that the plaintiff has had possession of the property

since September, 1891, and has collected the rents thereof, and has accepted the sum of $4,000 in cash from the defendant, thereby ratifying and confirming the execution and delivery of the deeds sought to be set aside, it is apparent that she is not now in a position to disaffirm the election which she made in receiving her deed in lieu of dower.　As to the $6,000 remaining, that is a claim which she can enforce in an action at law, and it cannot be made the basis for equitable relief.　As to the second cause of action, it appears that the property was paid for by the father of defendant, as was the house erected on the premises, and that the deed was taken out in the name of the daughter.　But it appears that it was recorded the day after it was made, and so remained of record until after the death of the father.　The claim made by appellant is that in some way there was a resultant trust in favor of the estate of James Lee; but the statute effectually disposes of this by declaring that property bought or money paid under these circumstances will only establish a resultant trust in favor of creditors, and the cases construing this statute as to resultant trusts are uniform in upholding the rule that no trust results in favor of a party paying the consideration for a conveyance.　We have thus given the most favorable view to the testimony in support of the two causes of action set forth in the complaint; because, assuming that they could have been established, and, as so established, entitling the plaintiff to no such relief as she asks, it effectually disposes of the numerous exceptions taken to rulings excluding evidence, which could only be evidence directed to supporting the conclusions which, from the record, we are able to reach without the aid of the testimony thus excluded.　We think, as did the learned trial judge, that, there being no allegation nor proof of fraud, or of undue influence or overreaching in the transaction, but that, the plaintiff having entered into an agreement which she at the time thought was reasonable and fair, it is too late for her to disaffirm her action with respect to the conveyances made as set forth in her first cause of action.　And as to her second cause of action she is not in a position to invalidate the deed which was made to the defendant, though the consideration therefor was paid by James Lee.

We think, therefore, that the case was correctly disposed of by the learned trial judge, and that the judgment should be affirmed, with costs.　All concur.

